NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SARAH FREEMAN,

    Plaintiff,

v.

STEVEN HARRIS, SCOTT JANORA, SANDRA DELUCA, YVETTE DEBRONZO, N.J. DEPARTMENT OF TREASURY- UNCLAIMED PROPERTY ADMINISTRATION,

    Defendants.

Case No. 3:18-cv-16913 (BRM) (TJB)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Sarah Freeman's ("Plaintiff") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1).

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth her assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, Civ. A. No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filing and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED.**

**I.  LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of her Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially

plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

## II. DECISION

On December 6, 2018, Plaintiff filed her Complaint against Defendants Steven Harris ("Harris"), Scott Janora ("Janora"), Sandra Deluca ("Deluca"), and N.J. Department of Treasury-Unclaimed Property Administration ("Department of Treasury") (collectively, "Defendants"). (ECF No. 1.) Plaintiff alleges jurisdiction is based on a federal question and cites the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 ("Title VII"), and Section "183 of the 42" which the Court construes as 42 U.S.C. § 1983 based on the allegations. (*Id.* at 2.) According to Plaintiff, she should be granted "equal protection of the laws," and the State of New Jersey is "bar[red]" from "violating the privileges and immunities of its citizens." (*Id.*)

Plaintiff contends her place of employment is "NJ Department of the Treasury, Unclaimed Property." (*Id.* at 3.) She alleges she has "been consistently and systematically retaliated against" for filing "complaints and claims against" her employer and supervisors for "unlawful

3

discrimination and failure to provide a promotion opportunity for which" she "was more than qualified and eligible." (*Id.*) Specifically, Plaintiff contends, among other things: (1) Harris "openly" and "verbally stated he had no intention of promoting" Plaintiff and "planned systematic ways" of "removing opportunities" for Plaintiff's promotion and advancement; (2) Janora retaliated against Plaintiff for Plaintiff's previously filed complaints of discrimination and retaliation; and (3) Debronzo made comments to her such as "something smells fruity over there," referring to Plaintiff's general desk area. (*Id.*) According to Plaintiff, "[a]s a result of the way" she was "unlawfully treated" she experiences "extreme anxiety, stress and panic attacks" that warrant medical treatment. (*Id.* at 4.) Plaintiff is "currently on medical leave and under medical care." (*Id.*)

### A. Title VII

While unclear from the Complaint, the Court construes Plaintiff's Title VII claim as a retaliation claim. "To establish a prima facie case of retaliation under Title VII . . . [Plaintiff] must plead (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action." *Davis v. City of Newark*, 417 F. App'x 201, 202 (3d Cir. 2011) (citing *Abramson v. William Paterson Coll.*, 260 F.3d 265, 286 (3d Cir. 2001)). Although Plaintiff has asserted a retaliation claim, she has not specified on what basis. The only activity she alleges that could qualify as a protected activity is her filing of complaints against her employer for "unlawful discrimination." (ECF No. 1 at 3.) Plaintiff, however, does not provide any further factual allegations detailing this activity, and fails to allege that her race, color, or sex was in any way

related to this alleged retaliation.[1] *Rhodes v. Camden Redevelopment Agency*, Civ. A. No. 12020337, 2021 WL 71597, at *4 (D.N.J. Jan. 8, 2021).

Accordingly, the Court finds that Plaintiff has failed to sufficiently state a Title VII retaliation claim.

### B. Fourteenth Amendment and Section 1983

It is well-established that 42 U.S.C. § 1983 provides the appropriate cause of action for all "citizens injured by an abridgement of those rights" guaranteed by the Fourteenth Amendment. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 611 (2008). In other words, a party may not assert claims for relief under the United States Constitution directly, but must use the remedies afforded under Section 1983. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906–07 (3d Cir.1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law."); *see also McGowan v. New Jersey*, Civ. A. No. 08–5841, 2009 WL 1687663 (D.N.J. June 16, 2009) ("A claim that a party's Constitutional rights have been violated, however, must be pled under the statutory mechanism for such claims, 42 U.S.C. § 1983."); *Rich v. New Jersey*, Civ. A. No. 14-2075, 2015 WL 2226029, at *6 (D.N.J. May 12, 2015). Accordingly, the Court dismisses the Fourteenth Amendment claim and instead analyzes Plaintiff's claim for deprivation of rights under the Equal Protection Clause of the Fourteenth Amendment as part of the Section 1983 claim.

---

[1] Indeed, to plead any claim pursuant to Title VII, a plaintiff must establish that she is a member of a protected class "based on race, color, religion, sex, or national origin." *McClaren v. N.J. State Dep't of Educ.*, Civ. A. No. 14-3213, 2015 WL 337481, at *5 (D.N.J. Jan. 26, 2015). If a plaintiff fails demonstrate that she is a member of a protected class, her Title VII claim must fail. *Id.* (dismissing Title VII claim because plaintiff failed to allege she was part of a protected class). Here, the Complaint does not address Plaintiff's race, religion, ethnicity, or any fact that would establish she is a member of a Title VII protected class. As a result, the Title VII retaliation claim must be dismissed. *Burns v. Cath. Health*, Civ. A. No. 16-1661, 2016 WL 1385676, at *2 (D.N.J. Apr. 7, 2016).

To state an equal-protection claim, plaintiff must at the very least allege that "he is receiving different treatment from that received by other individuals similarly situated." *Kuhar v. Greensburg–Salem School Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir.1980). "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Huebschen v. Dep't of Health and Soc. Svcs.*, 716 F.2d 1167, 1171 (7th Cir. 1983); *see also Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983) ("To establish a violation of the equal protection clause, a plaintiff must show that the allegedly offensive categorization invidiously discriminates against the disfavored group."), *cert. denied*, 465 U.S. 1032 (1984); *Murray v. Pittsburgh Bd. of Pub. Educ.*, 919 F. Supp. 838, 847 (W.D. Pa. 1996) ("The Equal Protection [C]lause was not intended to address government action, however arbitrary, if it is directed solely at an individual."). Plaintiff's Complaint fails to provide any allegations which even suggest these basic and rudimentary components of an equal protection claim. *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992) ("To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination. They must demonstrate that they received different treatment from that received by other individuals similarly situated."); *Allen v. Baylor*, Civ. A. No. 13-4386, 2014 WL 1464788, at *3 (D.N.J. Apr. 15, 2014). Therefore, Plaintiff fails to plausibly plead an equal protection violation.

Accordingly, Plaintiff's equal protection claim is dismissed, as well.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP (ECF No. 1-1) is **GRANTED**; and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Plaintiff has thirty (30) days to file a final amended complaint curing the deficiencies addressed herein. An appropriate order follows.

Date: June 28, 2021

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**